Robert M. Douglas *et al.*
by their next friend,

*v.*

James T. Soutter.

1. Parties on foreclosure—*of the heirs-at-law of a person who had conveyed his title in his life time.* The owner of real estate conveyed the same in fee, and his grantee, simultaneously with such conveyance, made a quit-claim deed to the wife of the first grantor. Subsequently, the wife executed a mortgage upon the property, her husband joining therein. Upon foreclosure of such mortgage, after the death of the husband, the children and

heirs-at-law of the latter, having no interest in the property, were not necessary parties to the suit.

2. ASSIGNMENT OF ERROR—*by whom.* And though the minor heirs of the husband were made defendants in the suit to foreclose, together with his widow, in whom the fee had become vested before the mortgage was made, yet, the infant defendants, having no rights to be affected by the decree, can not maintain a writ of error alone, the. rule being, that a party can not assign for error an erroneous decision which does not prejudice his rights.

3. Where there are infant and adult defendants, and the adults alone prosecute a writ of error, they cannot assign for error the proceedings which only affect the interests of the infants; and the converse must be true, when infants alone prosecute the writ.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The opinion states the case.

Messrs. JEWETT & JACKSON, for the plaintiffs in error.

Mr. C. BECKWITH and Messrs. HOYNE, HORTON & HOYNE, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Cook circuit court, by James T. Soutter, against D. P. Rhodes, executor, and Adele Douglas, executrix, of the last will and testament of Stephen A. Douglas, deceased, and Robert M. and Stephen Douglas, his infant heirs-at-law, to foreclose a mortgage executed by Stephen A. Douglas, in his life time, and his wife, Adele, to complainant, to secure the sum of eleven thousand dollars loaned to him by complainant, on the 1st day of July, 1859, and such proceedings were had, on due and legal notice to all the defendants, that a decree of foreclosure was duly entered, and the premises sold to complainant for twelve thousand dollars, and no redemption being made, a deed of the premises

156     DOUGLAS *et al. v.* SOUTTER.     [Sept. T.,

Opinion of the Court.

was made by the master in chancery to complainant, and the sale confirmed by the court.

The adult defendants made no defence to the suit, and as to them the bill was taken as confessed. The infant defendants appeared by their guardian.

To reverse the decree, the infant defendants, Robert M. and Stephen Douglas, by their next friend, O. Jackson, bring the record here by writ of error, and urge a reversal on several grounds.

As the adult defendants, against whom the bill was taken as confessed, do not join in this writ of error, no erroneous rulings of the court, if there be such against them, can be urged by the plaintiffs in error, the rule being that a party can not assign for error an erroneous decision which does not prejudice his rights. *Arenz* v. *Reihle*, 1 Scam. 340 ; *Schlencker* v. *Risley*, 3 ib. 483 ; *Thorn* v. *Watson, Admr.* 3 Gilm. 26 ; *Vansant* v. *Allmon*, 23 Ill. 31.

And where there are infant and adult defendants, and the adults alone prosecute a writ of error, they cannot assign for error those proceedings which only affect the interests of the infants. *Tibbs* v. *Allen*, 27 ib. 119 ; and the converse must be true, when infants alone prosecute the writ.

By this record it does not appear that these plaintiffs in error have any interest in the subject matter of the decree which they seek to reverse, or in the premises foreclosed, and why they were made parties in the original bill in chancery, we do not understand. The bill alleges that the premises were conveyed by S. A. Douglas, by deed dated Nov. 20, 1857, to Richard T. Merrick, which deed was duly recorded in the proper office in Cook county on the 23d of that month. Simultaneous with the execution of this deed to Merrick, the the grantee, Merrick, conveyed and quit-claimed by deed the premises to Adele Douglas, the wife of his grantor, S. A. Douglas, which deed was recorded on same day with S. A. Douglas' deed to Merrick, to-wit : on the 23d of November, 1857.

At this time, then, Adele Douglas was the owner in fee of these premises, and being so, she joined with her husband, on the 1st day of July, 1859, in the deed of mortgage to defendant in error. From what appears in this record, then, these infant plaintiffs have no interest in the premises, and, consequently, can urge no matter upon this court as ground for reversal, under the authorities cited. The circuit court did not, in any manner, by its decree of foreclosure, dispose of any interest, or attempt to do so, which these infants may, by possibility, have. Adele Douglas was the owner of the fee, and she granted it to Soutter, her husband, now deceased, joining in the deed. It was her interest, then, and her's only, which was foreclosed by the decree, and she complains of no error therein. The bill only sought to foreclose that interest, and in that interest these plaintiffs had no portion.

This being so, the effect of the decree being only to bar her interest, these plaintiffs can, by no possibility, be injured. If they have any title to the premises, which is outlying, and does not appear by the bill to foreclose, these proceedings will not bar them from asserting it. They were unnecessary parties to the bill, no rights of their's have been adjudicated, and they cannot be heard to allege any matter or error in the proceedings, if there be any, which does not prejudice them.

The decree of the circuit court is affirmed.

*Decree affirmed.*