THE GRAFTON DOLOMITE STONE COMPANY

*v.*

ST. LOUIS, CHICAGO AND ST. PAUL RAILWAY COMPANY.

*Opinion filed October 25, 1902—Rehearing denied December 11, 1902.*

1. CONTRACTS—*when parol agreement to convey right of way is binding.* If a parol agreement between a land owner and a railroad company for the conveyance of right of way is carried out by the company and the railroad constructed, the possession of the railroad company is notice of its rights to subsequent purchasers, and the agreement is binding upon the original owner and his grantees.

2. LACHES—*railroad company in possession of right of way not chargeable with laches.* A railroad company in actual possession of a right of way under a parol agreement by the owner to convey, is not guilty of *laches* in failing to file a bill for specific performance and an injunction until suit is brought against it for possession.

3. PARTIES—*one who has parted with interest in land not a necessary party to specific performance bill.* If the owner of land, under whose agreement to convey a right of way a railroad was constructed, parts with all interest in the land before suit in ejectment against the railroad company is begun, neither she, nor her heirs in case of her death, are necessary parties to a bill by the railroad company for specific performance and to enjoin the ejectment.

APPEAL from the Circuit Court of Jersey county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

LEVI DAVIS, for appellant.

O. B. HAMILTON, (P. B. WARREN, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in equity filed by the complainant against the defendant, to enjoin the prosecution of an action of ejectment instituted by the defendant against the complainant in the circuit court of Jersey county, and to compel the specific performance of an alleged verbal contract between one Amanda L. Hamilton and the St. Louis, Jerseyville and Springfield Railroad Company to convey the right of way over certain lands formerly belonging to Mrs. Hamilton and of which the defendant now claims

to be the owner.   The circuit court granted the relief prayed for, and the record has been brought to this court by the defendant for further review.

The bill alleges that the St. Louis, Jerseyville and Springfield Railroad Company in the year 1880 was engaged in the construction of a railroad from Bates, in Sangamon county, Illinois, to a point on the Mississippi river at or near Jersey Landing, in the county of Jersey, and that it completed said road by January 1, 1882; that Amanda L. Hamilton owned in fee simple a tract of forty acres of land three miles west of Jersey Landing and fronting on the river, the principal value of which consisted of the stone located therein; that she was anxious to have said railroad extended west from Jersey Landing along the river and across her land to the town of Grafton, situated about a mile west of her land; that she verbally agreed with an officer of said railroad company that if the company would extend the railroad to the town of Grafton, she would, on the railroad being so extended and the depot established, execute and deliver to the railroad company a deed to a strip of land fifty feet wide across her land for right of way purposes, the center line of the railroad track, when constructed, to be the center line of the fifty-foot strip, which agreement was accepted and acted upon by the railroad company, and in pursuance thereof the railroad company extended its railroad across·said tract of land and erected a depot at Grafton; that thereupon it became the duty of Mrs. Hamilton to make and deliver a deed conveying to the railroad company said right of way; that the railroad company, after the completion of the railroad and the erection of a depot at Grafton, requested and demanded of Mrs. Hamilton that she make and deliver to the company a deed for said fifty-foot strip, but that she failed and refused, and ever since then she and her grantees have failed and refused, to make and deliver a deed to said railroad company or its successors or assigns; that

through *mesne* conveyances the complainant is the successor to all the rights of the St. Louis, Jerseyville and Springfield Railroad Company, including the right of way across the land formerly owned by Mrs. Hamilton; that ever since the construction of said railroad across said land, in 1882, said St. Louis, Jerseyville and Springfield Railroad Company and its successors, including the complainant, have been and now are in the open and notorious possession of said strip of land as a right of way, by operating and running cars and trains thereon; that the defendant is the grantee, through *mesne* conveyance from Mrs. Hamilton, of said tract of land and is bound by her agreement to convey said strip of land; that on July 28, 1898, the defendant filed its declaration in ejectment in the circuit court of Jersey county against the complainant, claiming title to and the right of possession of the said fifty-foot strip, which ejectment suit stands for trial at the March term, 1900, of said circuit court, and prays that a writ of injunction be issued restraining the defendant from prosecuting or taking any further steps or orders in the said ejectment suit until the further order of the court, and that on final hearing the injunction be made perpetual, and that the defendant be required to execute, acknowledge and deliver to complainant, or its successors or assigns, a deed conveying the title to said strip of land fifty feet wide across said tract of land, and in default thereof that the master in chancery execute, acknowledge and deliver such conveyance to complainant. A demurrer was filed to said bill on the ground that Amanda L. Hamilton was a necessary party, and the court having overruled the same, the defendant filed an answer denying the allegations of the said bill concerning said verbal contract between Amanda L. Hamilton and the St. Louis, Jerseyville and Springfield Railroad Company, and averred that said St. Louis, Jerseyville and Springfield Railroad Company took possession of the said fifty-foot strip without the

knowledge or consent of Amanda L. Hamilton and constructed its railroad thereon without her consent; that prior to the filing of the said bill Amanda L. Hamilton departed this life testate, leaving her son, Charles W. Hamilton, her sole devisee and her only heir, her surviving; that prior to her death she sold and conveyed said tract of land, including the fifty-foot strip in controversy, to one John S. Roper by warranty deed; that Roper conveyed said land and strip to the defendant, and that Charles W. Hamilton is a necessary party. Appellee excepted to that part of the answer averring that Charles W. Hamilton was a necessary party, which exceptions were sustained.

It is first contended that the evidence was not sufficient to sustain the allegations of the bill. The evidence of Morris R. Locke, whose deposition was taken by complainant, shows that prior to the construction of said railroad by the St. Louis, Jerseyville and Springfield Railroad Company, he, as president of said company, and said Amanda L. Hamilton, who was then the owner of the land in controversy, entered into a verbal agreement for the conveyance of the right of way in controversy by said Amanda L. Hamilton to the St. Louis, Jerseyville and Springfield Railroad Company; that it was agreed if said company would construct its road from Jersey Landing to Grafton across the land in controversy and erect a depot at Grafton, Amanda L. Hamilton, in consideration thereof, would convey the right of way across her land to the railroad company; that the railroad was constructed across said land in pursuance of said agreement, with the consent of Amanda L. Hamilton; that after the completion of the road he prepared a deed and presented it to Amanda L. Hamilton for execution; that she refused to execute the deed without inserting therein certain agreements and concessions which were not contained in the parol agreement, and that no deed was ever executed and delivered by her to the com-

pany, or its successors or assigns. It appears from the evidence that said land was only valuable for the purposes of quarrying stone therefrom, and Mr. Locke testified that Amanda L. Hamilton was anxious to have the railroad constructed for the benefit of the stone-quarry located on said land. No other proof of the contract was introduced other than certain letters written by Mr. Locke to Mrs. Hamilton, which do not contradict, but corroborate, his statement. After Locke had failed to procure a deed from Mrs. Hamilton, on November 2, 1881, he wrote her: "I must now do something about the right of way over your quarries. I have been hoping against hope and have been telling our company the matter was all right; that you had given the right of way and would sign the deed. Now the company wants the deed." Our conclusion is that the contract from Mrs. Hamilton to convey to the railroad company the right of way across her land was fully established by the testimony.

It is next contended that Amanda L. Hamilton, if living, was a necessary party to the bill, and as the bill did not disclose her death, the demurrer thereto, for that reason, should have been sustained, and that as the answer did disclose the fact of the death of Mrs. Hamilton and that she left Charles W. Hamilton her surviving as her sole heir and devisee, the exceptions to that part of the answer which averred that Charles W. Hamilton was a necessary party should have been overruled, and that the court committed reversible error in holding that, Mrs. Hamilton being dead, Charles W. Hamilton was not a necessary party. It appears from both the bill and the answer that previous to the bringing of this suit Amanda L. Hamilton had conveyed all her right, title and interest in said forty-acre tract by warranty deed, which had been duly recorded, to John S. Roper, who had conveyed the same to the defendant, and that by reason thereof Mrs. Hamilton in her lifetime, and Charles W. Hamilton subsequent to her death, had no interest in the subject

matter of the suit. The bill seeks no relief against Mrs. Hamilton or her heirs and devisees. If Charles W. Hamilton had been made a party it would have availed nothing, as it appears that his mother had sold and conveyed all her right, title and interest in the premises in controversy, prior to her death, to Roper, and that he had no interest therein which he could convey to the complainant. He was not, therefore, a necessary party to the bill. One who has disposed of the legal title to all his interest in the property, and against whom no relief is demanded, is not a proper party to a bill for specific performance. (20 Ency. of Pl. & Pr. 414; *Topeka Water Supply Co.* v. *Root*, 56 Kan. 187; *Bristol* v. *Bristol and Warren Water-works*, 19 R. I. 413; 32 L. R. A. 740.) In *Louisville and Nashville Railroad Co.* v. *Illinois Central Railroad Co.* 174 Ill. 448, which was a bill for specific performance, the court, on page 455, say: "In order to render one a necessary party to a chancery proceeding it must appear such person may be compelled to respond to the prayer of the complainant's bill, and where there is nothing he is called upon to do, or can be compelled to do as a duty, he is not a necessary party." Where a mortgagor in his lifetime has sold and conveyed the mortgaged premises, his heirs are not necessary parties to a bill to foreclose the mortgage, they having no interest in the land to be affected. (*Douglas* v. *Soutter*, 52 Ill. 154; *Medley* v. *Elliott*, 62 id. 532.) Where the parol agreement of a land owner with a railroad company for a conveyance of a right of way is once acted upon without objection and the railroad constructed, the possession by the railroad company of the right of way is notice to subsequent purchasers of the land over which it passes of its rights, and the agreement will be binding upon the original owner and his grantees; (*Turpin* v. *Baltimore, Ohio and Chicago Railroad Co.* 105 Ill. 11; *Chicago and Eastern Illinois Railroad Co.* v. *Hay*, 119 id. 493; *Sands* v. *Wacaser*, 149 id. 530; *Sands* v. *Kagey*, 150 id. 109; *Telford* v. *Chicago, Paducah and Memphis Railroad Co.* 172 id. 559;)

and the railroad company in possession of its right of way is not guilty of *laches* in failing to file a bill for specific performance and an injunction until suit is brought against it for possession. (*Hall* v. *Peoria and Eastern Railway Co.* 143 Ill. 163.) Amanda L. Hamilton having parted with all interest in the land which is the subject matter of this suit, prior to her death, Charles W. Hamilton was not a necessary party to this suit.

It is further contended that, Amanda L. Hamilton being dead, Morris R. Locke was not a competent witness. Neither of the parties to this suit is suing or defending as the executor, administrator, heir, legatee or devisee of Amanda L. Hamilton, deceased. Therefore section 2 of chapter 151, entitled "Evidence and Depositions," does not apply, and Morris R. Locke was a competent witness on behalf of complainant. *Goelz* v. *Goelz,* 157 Ill. 33; *Gage* v. *Eddy,* 179 id. 492.

We find no reversible error in this record. The decree. of the circuit court will be affirmed.

*Decree affirmed.*